RECEIVED
USDC, WESTERN DISTRICT OF L
TONY R. MOORE, CLERK
DATE  5/21/15
                YT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRENT BURNELL HOUSTON (#271294) | DOCKET NO. 15-CV-633; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN BATISTE, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Brent Burnell Houston filed the instant civil rights complaint in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is incarcerated at Rapides Parish Detention Center III in Alexandria, Louisiana. He seeks monetary compensation for the violation of his civil rights and seeks a release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

#### *Plaintiff's Allegations*

Plaintiff alleges that he was arrested and taken into custody on May 7, 2014. On January 29, 2015, he entered a guilty plea to simple battery and was sentenced to six months of imprisonment, with credit for time served. The following day, Defendant Ms. Dupre instructed Plaintiff to submit a residence plan for sex offenders prior to his release. Plaintiff submitted several plans. Plaintiff later learned that he was being held because of a parole violation, and that the DOC had not requested a residence plan.

Plaintiff complains that his residence plans were not forwarded to the DOC by the defendants. He also complains that he

was tricked into signing the parole revocation paperwork admitting to the violation and waiving a preliminary hearing and final parole revocation hearing.

### Law and Analysis

First, to the extent that Plaintiff seeks a release from custody, his claim should be dismissed. Such relief is not available by way of a civil rights action. Generally, civil rights suits are the proper vehicle to attack the unconstitutional conditions of confinement and prison procedures. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997); Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)(holding that a §1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but habeas is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). A petition for writ of habeas corpus is the proper vehicle to seek a release from custody. See id. However, before filing a habeas petition, Plaintiff must exhaust available state court remedies. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987), cert. denied, 484 U.S. 956 (1987); Rose v. Lundy, 455 U.S. 509 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. See Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Plaintiff seeks damages related to his continued detention and the improper revocation of his parole or probation. "To recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The rule set forth in Heck applies to a challenge to the validity of confinement resulting from a parole-revocation. McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995). His probation revocation has not been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. See id. Thus, his claim for monetary damages is barred by Heck.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days

from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, this ____ day of May, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE